# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60726
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 5, 2015

Lyle W. Cayce
Clerk

CHARLES JOHNSON, JR.,

                    Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

                    Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:13-CV-114

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Charles Johnson, Jr. appeals a decision that found him ineligible for, and that thus denied his claim for, supplemental social security income. An administrative law judge (ALJ), after considering all submitted medical records and hearing oral testimony from Johnson, Johnson's father, and a vocational expert, concluded that Johnson suffered no severe impairment and therefore was not disabled under section 1614(a)(3)(A) of the Social Security Act. The Social Security Administration Appeals

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60726

Council denied Johnson's request for review of the ALJ decision.   Johnson subsequently sought judicial review of the decision in federal district court, which affirmed the denial.   Johnson now appeals the district court's decision. We AFFIRM.

Our review is limited to determining "whether the Commissioner used the proper legal standards to evaluate the evidence" and whether "the final decision is supported by substantial evidence."   *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).   The legal standard for evaluating evidence of the severity of an impairment was announced by this court in *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985):   an impairment is not severe "only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience."   *Id.* at 1101 (alteration in original).   The ALJ expressly cited and correctly applied *Stone* in its decision.

To determine whether the decision was supported by substantial evidence, we "carefully scrutinize the record to determine if, in fact, [substantial] evidence is present," but "we may not reweigh the evidence . . ., nor try the issues *de novo*, nor substitute our judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision."   *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).   Based on a careful review of the record, the parties' respective briefs, and the relevant district court opinion, we conclude that substantial evidence supported the decision.   Because the district court's careful analysis thoroughly explains our reasoning, we need not engage in a redundant analysis simply to reach the same result.   We therefore AFFIRM for essentially the same reasons as those assigned by the district court.